# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edgar Rodriguez-Garcia, | No. CV-25-04674-PHX-SMB (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| John Cantu, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. A district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at *9. On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are

detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

Petitioner also filed a motion for leave to file his ex-parte motion for temporary restraining order and preliminary injunction in excess of the page limit (Doc. 3). Petitioner seeks double the page limit for what has recently become a common motion. No other petitioner has required excess pages and there is nothing extraordinarily complex in Petitioner's case as compared to others. Therefore, this motion will be denied and Petitioner must refile the motion for a temporary restraining order and preliminary injunction in compliance with the rule.

It appears Petitioner is entitled to relief in the form of a bond hearing. Respondents are ordered to show cause why the Petition should not be granted based on *Bautista*.

**IT IS ORDERED**:

1. Counsel for Petitioner must immediately serve the Petition upon Respondents.
2. If not already issued, the Clerk's Office must issue any properly completed summonses.
3. The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.
4. Respondents must show cause no later than **January 12, 2026,** why the Petition should not be granted based on *Bautista*.
5. Petitioner may file a reply no later than **January 15, 2026**.
6. Petitioner's Motion for Leave to File His Ex-Parte Motion for Temporary

1    Restraining Order and Preliminary Injunction in Excess of the Page Limit (Doc. 3)
2    is **denied**.
3    Dated this 31st day of December, 2025.

Honorable Susan M. Brnovich
United States District Judge